# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK SANG YOON,<br>CDC #P-67861,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>A.B. GERVIN, et al.,<br><br><br><br>　　　　　　　　　　　　Defendants. | Civil No.　06-2107 BEN (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 4];**<br><br>**(2) GRANTING IN PART PLAINTIFF'S MOTIONS FOR RECONSIDERATION [Doc. Nos. 6, 8]; and**<br><br>**(3) *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.　Procedural History

Plaintiff, an inmate currently incarcerated at the California Rehabilitation Center located in Norco, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 27, 2006.  In this Complaint, Plaintiff alleges that he was denied access to the courts and retaliated against by Centinela correctional officers while he was incarcerated at Centinela State Prison.

On October 5, 2006, this Court *sua sponte* dismissed Plaintiff's Complaint for failing to pay the $350 filing fee mandated by 28 U.S.C. § 1914(a) or file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* Oct. 5, 2006 Order 3.)  The Court also dismissed Plaintiff's Complaint to the extent that his claims against Defendant Lopez were duplicative of those found in the case filed by Plaintiff, *Sang v. Lopez*, S.D. Cal. Civil Case No. 06cv0459 W (BLM).

After the Court entered this Order, Plaintiff's Motion to Proceed IFP were received along with a Motion for Reconsideration [Doc. Nos. 4, 6].  Plaintiff also later filed an "Amended" Motion for Reconsideration on November 22, 2006 [Doc. No. 8].  In these Motions for Reconsideration, Plaintiff claims that the Defendant Lopez he names in the action currently before the Court is not the same Defendant Lopez found in *Sang v. Lopez*, S.D. Cal. Civil Case No. 06cv0459 W (BLM) and thus, his Complaint should not be dismissed as duplicative pursuant to 28 U.S.C. § 1915(b)(1).

**II.     Motion to Proceed IFP [Doc. No. 4]**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months,

1  whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless
2  he has no current assets with which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C.
3  § 1915(b)(4); *Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the
4  prisoner must collect subsequent payments, assessed at 20% of the preceding month's
5  income, in any month in which his account exceeds $10, and forward those payments to the
6  Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.
7       The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C.
8  § 1915(a)(1) [Doc. No. 4] as well as a certified copy of his prison trust account statement
9  pursuant to 28 U.S.C. § 1915a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account
10 statement shows insufficient funds from which to pay an initial partial filing fee.
11      Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No.
12 4], and assesses no initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(1) (court
13 shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no
14 event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the
15 prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*,
16 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing
17 dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of
18 funds available to him when payment is ordered.").  However, Plaintiff is required to pay the
19 full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any
20 future funds credited to his prison trust account to the installment payment provisions set
21 forth in 28 U.S.C. § 1915(b)(2).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III.     Motions for Reconsideration [Doc. Nos. 6, 8]

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Thus, to the extent that Plaintiff claims that Defendant Lopez is not the same Defendant named in the previous action, the Court **GRANTS** Plaintiff's Motions for Reconsideration [Doc. Nos. 6, 8]. However, the Court remains obligated to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and finds that Plaintiff's Complaint must be dismissed for failing to state a claim upon which § 1983 relief can be granted for the reasons set forth below.

### IV.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As stated above, the PLRA obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal

---

[1] However, Local Rule 7.1(I) does permit motions for reconsideration. Under Local Rule 7.1(I)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(I). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(I)(2) permits motions for re consideration within "30 days of the entry of the ruling."

law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not

"supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Rule 8

First, Plaintiff's Complaint is over one hundred pages long and contains several allegations which the Court is simply unable to decipher. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Similarly, Rule 8(e) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Thus, if Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8 and include only those facts and allegations necessary to the action.

### B. Access to Courts claim

In his Complaint, Plaintiff claims that he was told by another inmate that he should order a book from a publisher in Florida that would assist him with his habeas corpus petition. (Compl. at 3.) Plaintiff alleges that prison officials refused to allow him to receive the book because the publisher was not on an "approved" vendor list. (*Id.* at 3-10.) Here, the Court finds that Plaintiff's factual allegations fall short of the pleading standards necessary to state an access to courts claim. *See* 28 U.S.C. § 1915(e)(2). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from

persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific Defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by Defendants' failure to allow Plaintiff to have a book that was recommended by another inmate that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, these claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### C. Fourteenth Amendment claims

Although it is not clear from Plaintiff's Complaint, it appears as though he is seeking to hold Defendant Giurbino liable because he denied Plaintiff's administrative grievances. (*See* Compl. at 39-40.) The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him]

in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**V.     Conclusion and Order**

For all the reasons set forth above, **IT IS ORDERED** that:

1.     Plaintiff's Motions for Reconsideration [Doc. Nos. 6, 8] are **GRANTED**;

2.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.     The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: December 11, 2006

_____
Hon. Roger T. Benitez
United States District Judge